7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Stephen C. LEONARD, Appellant,
v.
Crispus C. NIX, Appellee.
 No. 93-1906.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 3, 1993.
Filed: September 16, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stephen C. Leonard, an Iowa inmate, appeals from the District Court's[1] denial of his habeas petition under 28 U.S.C. § 2254. We affirm.
 
 
 2
 The prison disciplinary committee found that Leonard had violated prison rules when he was not in his cell at cell count. After Leonard filed a state postconviction action, that court remanded the case to the committee for rehearing to receive testimony from the witnesses Leonard requested. Prison officials attempted unsuccessfully to locate the two requested witnesses who were no longer in the system. The committee held that the proposed testimony of the witnesses would not affect the committee's determination that Leonard had violated the rules, and found Leonard guilty of violating prison rules. The state court denied Leonard's second postconviction action, agreeing with the committee that the proffered testimony was irrelevant. Leonard then brought this habeas action, which the District Court denied.
 
 
 3
 The District Court correctly dismissed Leonard's claim relating to the first disciplinary hearing; as the state post-conviction court had granted Leonard a rehearing before the committee with his requested witnesses present, this claim raised no issue of federal law and the court therefore lacked subject matter jurisdiction with respect to it. Also, the District Court correctly denied Leonard's claim relating to the rehearing on the merits because Leonard's right to due process was not violated. Due process requires certain minimum rights which must be given prisoners in disciplinary proceedings. One minimum due process right is the limited right to "call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). However, prison officials have discretion to keep the hearing within reasonable limits and to refuse to call witnesses. Id.; Graham v. Baughman, 772 F.2d 441, 444 (8th Cir. 1985). Also, the committee may refuse to hear testimony because of irrelevance of testimony or lack of necessity. Wolff, 418 U.S. at 566. This discretion must not be arbitrary and officials must explain their reasons for refusing to call witnesses. Graham, 772 F.2d at 444-45.
 
 
 4
 Leonard stated that the witnesses he wished to call would testify that they did not hear the customary call to alert inmates of the evening count and that they, too, were in violation of the evening count, but they were not disciplined. The committee determined that this testimony, if heard, would not change its decision to find Leonard in violation of the rules. Therefore, the rejected testimony was not relevant, and the committee did not abuse its discretion in refusing to call the witnesses. Leonard's due process rights were not violated. Leonard's other claims are meritless.
 
 
 5
 Accordingly, we affirm the judgment of the District Court.
 
 
 
 [1]
 The Honorable R.E. Longstaff, United States District Judge for the Southern District of Iowa